Argued January 5, affirmed March 20, 1979

MORAVEK'S CONCRETE, INC., *Respondent,*
*v.*
DEPARTMENT OF REVENUE, *Appellant.*
(No. 1134)

L. P. COMPANY, *Respondent,*
*v.*
DEPARTMENT OF REVENUE, *Appellant.*
(No. 1133)
(SC 25710)

591 P2d 1379

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs was James A. Redden, Attorney General, Salem.

Robert J. Saalfeld of Harland, Ritter, Saalfeld & Griggs, Salem, argued the cause for respondent

[495]

Moravek's Concrete, Inc. With him on the brief was Robert B. McConville, Salem, for respondent L. P. Company.

Before Denecke, Chief Justice, and Holman, Howell, and Lent, Justices.

HOLMAN, J.

## HOLMAN, J.

This is an appeal by the Department of Revenue from a decision of the Oregon Tax Court, 7 OTR 385 (1978), in two consolidated cases holding that plaintiffs' concrete pump/boom trucks are exempt from ad valorem personal property taxation pursuant to ORS 481.272(4).

ORS 481.270 generally provides that vehicle registration and license fees imposed by ORS ch 481 are in lieu of all other taxes and licenses. However, ORS 481.272 provides that "fixed load vehicles" are not so exempt, resulting in their subjection to ad valorem taxation, and defines "fixed load vehicles" to mean vehicles with or without motive power, that are neither designed nor used primarily for the transportation of persons or property over public highways or streets. Plaintiffs acknowledge that their concrete pump/boom trucks fit the statutory definition of a "fixed load vehicle." They contend, however, and the tax court held, that concrete pump/boom trucks are exempt from ad valorem taxation by subsection (4) of ORS 481.272 which provides:

> "As used in this section, 'fixed load vehicles' do not include mobile homes, travel trailers, tow cars (including tow cars with cranes, hoists or dollies), truck-mounted transit mixers, *or self-propelled mobile cranes.*" (Emphasis added.)

The Department of Revenue summarizes its argument brought upon appeal as follows:

> "Statutes are to be construed in the light of conditions existing at the time of their enactment, and the words of the statute taken in the sense in which they were understood at that time. Concrete pump/boom trucks did not exist in Oregon in 1963, when ORS 481.272(4) was last amended to exempt 'self-propelled mobile cranes' from taxation. Therefore, the Tax Court erred in construing 'self-propelled mobile cranes' to include concrete pump/boom trucks."

Ordinary self-propelled mobile cranes and concrete pump/boom trucks are both used in the lifting and placing of wet concrete. However, ordinary self-propelled mobile cranes are used for many other lifting purposes, whereas concrete pump/boom trucks are usually not so used. The conventional mobile crane uses a winch that winds in and lets out a cable running through a boom and attached to a bucket in which the concrete is raised, lowered and swung about to the place where the concrete is desired. A concrete pump/boom truck accomplishes the same purpose by pumping the concrete through a pipe or hose attached to a boom.

Defendants contend that

"the differences and similarities between self-propelled mobile cranes and concrete pump/boom trucks would be significant only if concrete pump/boom trucks had been in existence in Oregon at the time the statute was last amended in 1963 to exempt self-propelled mobile cranes. This is not the case."

The department also says:

"It is submitted that to extend the meaning of 'self-propelled mobile cranes,' to include concrete pump/boom trucks is to attach a strained and unusual meaning to the term, and should not be done simply because it may seem that a similar policy applies, or upon the speculation that had the legislature known about concrete pump/boom trucks, broader words would have been used to include them in the exemption."

We agree with the tax court in the conclusion that the words "self-propelled mobile cranes" as used by the legislature were intended as a generic term rather than as a term referring particularly to those mobile cranes in existence at the time of the passage of the statutory exemption. Therefore, the issue is whether a concrete pump/boom truck is a self-propelled mobile crane. We conclude that by its use of a movable boom mounted upon a self-propelled vehicle to raise, lower and swing its load to the desired place, a concrete

[498]

pump/boom truck employs the same methods and activities which distinguish a mobile crane. It is not reasonable that two vehicles should be distinguished for the purpose of exemption from taxation solely on the basis that one performs the lifting process by an engine that drives a winch while the other does so by an engine that drives a pump. Both are similar instruments, used for similar purposes, which fit within a common description of a mobile crane. We can see no reasonable basis for a distinction, despite the rule which requires that an exemption from taxation be construed strictly.

The decision of the Oregon Tax Court is affirmed.